IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GILARDO LEON ACEVEDO,                              CV. 07-1188-HU

        Petitioner,              FINDINGS AND RECOMMENDATION

  v.

BRIAN BELLEQUE,

        Respondent.

Alison M. Clark
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

    Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For

1 -- FINDINGS AND RECOMMENDATION

the reasons set forth below, the petition should be denied, and this proceeding dismissed.

## BACKGROUND

On or about July 8, 2004, petitioner was convicted of Attempted Murder with a Firearm, Assault in the Second Degree, and Attempted Assault in the Second Degree. Resp. Exh. 101 at 2. Petitioner was sentenced to concurrent and consecutive sentences totaling 134 months.

Petitioner had thirty days from the entry of judgment to file a direct appeal, but failed to do so. Approximately two years later, on September 6, 2006, petitioner filed a motion to correct his sentence, which was denied by the trial court on November 8, 2006. Resp. Exh. 102. The Oregon Court of Appeals dismissed petitioner's subsequent appeal, and the Oregon Supreme Court denied review. The appellate judgment issued on September 13, 2007. Resp. Exh. 103. Petitioner did not seek state post-conviction relief.

On or about August 8, 2007, petitioner filed the instant proceeding. Petitioner's sole ground for relief is that his consecutive sentence is unconstitutional because it is based upon judicial fact finding in violation of the rules announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).

///

2 -- FINDINGS AND RECOMMENDATION

**DISCUSSION**

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." It is undisputed that petitioner's habeas petition was filed beyond the one-year limitation period. Petitioner contends that "[a]ny lapse . . . in filing . . . should be tolled in the interests of justice" because his consecutive sentence is unconstitutional based upon the rule announced in Blakely. Additionally, petitioner argues that equitable tolling is appropriate due to conditions of his confinement, and his lack of proficiency with the English language.

The U.S. Supreme Court recently held that the rules announced in Apprendi and Blakely do not apply to Oregon's consecutive sentencing statute. Oregon v. Ice, 2009 WL 77896 (Jan. 14, 2009). Accordingly, assuming that there are equitable grounds for tolling the limitation period, and assuming that petitioner could overcome his procedural default of available state remedies, habeas relief is not warranted given the recent holding in Ice. For all of these reasons, petitioner's petition for writ of habeas corpus (#2) should be denied.

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due

3 -- FINDINGS AND RECOMMENDATION

February 11, 2009. If no objections are filed, the Findings and Recommendations will go under advisement on that date.

If objections are filed, a response to the objections is due February 25, 2009, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this __27th__ day of January, 2009.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge

4 -- FINDINGS AND RECOMMENDATION